UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                                    Case No: 8:16-cv-1798-T-27AEP

MICHAEL P. TOUPS and LONGWEI
PETROLEUM INVESTMENT HOLDING
LIMITED,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendant Michael P. Toups' Motion to Dismiss and for a More Definite Statement of the Claims Against Him (Dkt. 9), which Plaintiff opposes (Dkt. 15). Upon consideration, the Motion is DENIED.

The SEC brings this lawsuit against Defendants Michael P. Toups and Longwei Petroleum Investment Holding Limited alleging violations of the federal securities laws.[1] The SEC alleges that Toups defrauded investors by making false statements and withholding information about the storage capacity of Longwei's three facilities, engaging in a scheme with Longwei to fraudulently raise cash from warrant holders, misrepresenting the status of the investigation of a research firm's allegations of fraud against Longwei, and publicly purchasing Longwei shares with Longwei funds without

---

[1] Defendant Longwei has not been served.

disclosing he used company funds to purchase the stock.[2]

## STANDARD

A complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2008) (citing *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007), *rev'd sub nom. Ashcroft v. Iqbal*, 556 U.S. 672 (2009)). Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. *Id.*

All of the factual allegations contained in the complaint must be accepted as true for the purposes of a motion to dismiss, but this tenet is "inapplicable to legal conclusions." *Id.* at 678.

---

[2] Toups was the Chief Financial Officer of Longwei, a Chinese petroleum storage and sales company until he resigned in June 2013. (Dkt. 1 ¶¶ 1, 5, 10-11). Longwei was publicly-traded on the NYSE MKT and its common stock was registered with the Securities and Exchange Commission. (*Id.* ¶ 4).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. All reasonable inferences must be drawn in the plaintiff's favor. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

## DISCUSSION

The SEC contends that Toups' conduct violated Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a) (Count I) and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10b-5(a), (b), and (c) (Count II).

To prove 10(b) and Rule 10b–5 violations, the SEC must show (1) material misrepresentations or materially misleading omissions, (2) in connection with the purchase or sale of securities, (3) made with scienter. *S.E.C. v. Merch. Capital, LLC*, 483 F.3d 747, 766 (11th Cir. 2007). Similarly, to establish a violation of Section 17(a) of the Securities Act, the SEC must prove (1) misrepresentations or misleading omissions that were material, (2) in the offer or sale of securities, (3) made with scienter. *SEC v. Monterosso*, 756 F.3d 1326, 1333-34 (11th Cir. 2014) (citing *Merch. Capital, LLC*, 483 F.3d at 766 and *Aaron v. SEC*, 446 U.S. 680, 697 (1980)). The SEC may establish the requisite scienter for both the 17(a) and the 10(b) claims with a "showing of knowing misconduct or severe recklessness." *SEC v. Carriba Air, Inc.*, 681 F.2d 1318, 1324 (11th Cir. 1982). The test for materiality is "whether a reasonable man would attach importance to the fact misrepresented or omitted in determining his course of action." *Merch. Capital*, 483 F.3d at 766 (quoting *Carriba Air*, 681 F.2d at 1323 (internal citation omitted)).

Scienter requires "intent to defraud or severe recklessness." *Id.* (quoting *Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc.*, 594 F.3d 783, 790 (11th Cir. 2010)). And severe recklessness requires:

3

> [H]ighly unreasonable omissions or misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and that present a danger of misleading buyers or sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it. *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1238 (11th Cir. 2008) (quoting *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1282 n. 18 (11th Cir. 1999)).

Toups moves to dismiss the Complaint in its entirety for four reasons: (1) failure to allege a false statement or actionable omission by him; (2) failure to allege a material misstatement or omission by him; (3) failure to allege scienter; and (4) failure to distinguish between the allegations against him and Longwei. Toups' arguments are unavailing.

*Longwei's Storage Capacity*

The SEC's Complaint contains numerous allegations of material false statements and omissions[3] about the capacity of the storage tanks at Longwei's three facilities that can be attributed to Toups, including that he knew, or was reckless in not knowing, that statements in a press releases regarding storage capacity were false.[4] (*See, e.g.*, Dkt. 1 ¶¶ 1, 7, 15, 19, 23, 24, 25, 29, 30, 36, 37). And the SEC alleges that Longwei touted its storage capacity as one of its primary competitive

---

[3] An omission constitutes securities fraud when there is a duty to disclose, which "may arise from a defendant's previous decision to speak voluntarily." *Finnerty v. Stiefel Labs., Inc.*, 756 F.3d 1310, 1316 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 1549 (2015); *FindWhat Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1299 (11th Cir. 2011). This includes a duty to revise previous statements that were true at the time they were made, but later became misleading. *Id.* at 1317.

[4] After receiving information that Longwei was overstating its storage capacity and inventory and being advised by the auditor to obtain documents that substantiated the tank sizes, Toups drafted a press release that reiterated previous statements that Longwei's three facilities have a total storage capacity of 220,000 metric tons. (Dkt. 1 ¶¶ 19, 23-26). On the same day the press release was issued, Toups received documents from Longwei's consultants, purportedly from the Fire Protection Bureau in Shanxi, China, listing the dimensions for Longwei's tanks and indicating that Longwei's facilities had a combined capacity between 117,650 and 154,660 metric tons, depending on the density of the fuel, significantly less than the stated capacity. (*Id.* ¶¶ 28-29). Despite this information, Toups made no effort to correct the press release. (*Id.* ¶ 30).
    Toups argues that the SEC fails to allege what the actual storage capacity was at that time and therefore cannot plead or prove that the press release was false. However, at this stage, the allegation that according to the documents from the Fire Protection Bureau, Longwei's total storage capacity was anywhere from 65,000 to 102,350 metric tons less than stated plausibly alleges the falsity of the press release.

advantages. (*Id.* ¶ 15). The Complaint also contains several allegations from which scienter can be inferred, including that Toups received information that showed Longwei had been overstating its capacity, knew that Longwei's auditor did not have documents supporting the disclosed storage capacity, visited a website that showed the storage capacity to be less than the disclosed storage capacity, and drafted the press release reiterating Longwei's previous statements about its storage capacity. (*See, e.g., id.* ¶¶ 18, 19, 22, 23, 25, 26, 28, 29). Viewing these and the other factual allegations of fraudulent intent in aggregation, as permitted by *Phillips v. Scientific-Atlanta, Inc.*, 374 F.3d 1015, 1016-17 (11th Cir. 2004), the SEC's allegations are sufficient to satisfy the standard.

### *Warrant Exercises*

The SEC's Complaint contains allegations of material false statements and omissions about the deadline to exercise warrants, including that Toups knew that the deadline to exercise warrants might be extended, but told warrant holders it would not be. (*See, e.g., id.* ¶¶ 47-52). And, the SEC alleges that Toups and Longwei perpetrated a scheme to fraudulently raise money from warrant holders (*Id.* ¶¶ 40-56). *See Stoneridge Inv. Partners, LLC v. Sci.-Atlanta*, 552 U.S. 148, 158, 128 S. Ct. 761, 769, 169 L. Ed. 2d 627 (2008) (explaining that conduct itself can be deceptive under § 10(b) or Rule 10b–5, even without a specific oral or written statement).

The Complaint also sufficiently alleges scienter. (*See, e.g*, Dkt. 1 ¶¶ 42-44, 46-49, 53-54). The SEC alleges that Toups was told that Longwei urgently needed cash, was asked to pressure warrant holders to exercise their warrants, and told warrant holders that the deadline would not be extended, knowing one was being considered. In doing so, it is alleged that Toups was aware that warrant holders had little incentive to exercise their warrants because the stock could be bought more cheaply on the open market and believed that if the market expected Longwei would not extend the

warrant exercise deadline, then the stock price would increase. And after being told that an insider's purchase of stock would help drive up Longwei's stock price and encourage warrant holders to exercise their stock, Toups purchased Longwei stock with funds he received from Longwei and publicly disclosed the purchase, but not the source of the funds.[5]

*Fraud Investigation*

The SEC alleges that Toups misrepresented the status of the fraud investigation, including that Toups drafted a press release that falsely said Longwei's management was cooperating with its legal counsel and auditors despite the fact that Longwei management (i) never provided critical accounting records requested by Toups and the auditors; (ii) blocked Toups and the auditors from accessing certain facilities in China; and (iii) refused to provide funds to conduct an internal investigation of the research firm's fraud allegations.[6] (Dkt. 1 ¶¶ 33-35).

Scienter is also sufficiently alleged. (*See, e.g.*, Dkt. 1 ¶¶ 33-37). The SEC alleges that despite being denied access to facilities, accounting records, financial documents, and funds to hire someone to conduct an internal investigation, Toups drafted a press release that said the company's management was cooperating with the fraud investigation, reiterated prior statements about storage capacity, and failed to disclose that Longwei had discovered multiple documents that contradicted its disclosures.[7]

---

[5] While Toups argues that the Complaint fails to allege he had a legal duty to disclose the source of the funds he used to purchase Longwei stock, he provides no authority to support that he did not have any such duty.

[6] The day after the January press release, a research firm published a report alleging that Longwei was a "massive fraud," alleging that Longwei vastly overstated its petroleum sales for November 2012, based on video surveillance by the firm at the three facilities. (Dkt. 1 ¶¶ 31).

[7] Toups also argues that there are no allegations that the February and March 2013 press releases were material or made in connection with a purchase or sale of securities. However, the SEC alleges that the research firm's report alleging that Longwei was a "massive fraud" "had an immediate and dire impact on Longwei's stock price, which fell approximately 73% (from $2.29 to $0.62) and has never recovered" and that "since these press releases, Longwei has

In sum, the SEC's Complaint gives Toups fair notice of the claims against him and states a plausible claim for relief.

## CONCLUSION

Accordingly, Defendant Michael P. Toups' Motion to Dismiss and for a More Definite Statement of the Claims Against Him (Dkt. 9) is **DENIED**. Defendant shall answer the Complaint within **fourteen (14) days**.

**DONE AND ORDERED** this 12th day of December, 2016.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

virtually disappeared from the U.S. markets: the company's stock was delisted from the NYSE MKT." (Dkt. 1 ¶¶ 31-32, 38).