UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                                          Case No: 8:16-CV-1798-T-27AEP

MICHAEL P. TOUPS and LONGWEI
PETROLEUM INVESTMENT HOLDING
LIMITED,

    Defendants.
_____/

### ORDER AND FINAL JUDGMENT
### AS TO DEFENDANT MICHAEL P. TOUPS

**BEFORE THE COURT** is Plaintiff Securities and Exchange Commission's Motion for Final Judgment as to Civil Remedies Against Defendant Michael P. Toups (Dkt. 45). Defendant Toups has not responded and the time to do so has passed. The motion is therefore considered unopposed. Upon consideration, Plaintiff's motion is **GRANTED**.

### BACKGROUND

The SEC brought this lawsuit against Michael P. Toups and Longwei Petroleum Investment Holding Limited alleging violations of the federal securities laws. The SEC alleges that Toups defrauded investors by making false statements and withholding information about the storage capacity of Longwei's three facilities, engaging in a scheme with Longwei to fraudulently raise cash from warrant holders, misrepresenting the status of the investigation of a research firm's allegations of fraud against Longwei, and publicly purchasing Longwei shares with Longwei funds without disclosing he used company funds to purchase the stock.

On December 22, 2017, Judgment was entered against Michael P. Toups. (Dkt. 34).[1] Among other things, the Judgment provides that, on motion of the Commission, the Court shall determine:

1. whether it is appropriate to order disgorgement of ill-gotten gains and/or civil penalty pursuant to Section 20(d) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil penalty [*id.* at § III]; and

2. whether it is appropriate to order, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], that Defendant Michael P. Toups be prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. §78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)], and, if so, the length of such a prohibition [*id.* at § IV].

The Judgment also provides that if disgorgement is ordered, Defendant Michael P. Toups shall pay prejudgment interest thereon. *Id.* at § III.

## DISCUSSION

The SEC requests that Defendant Toups be ordered to pay $265,000 in disgorgement, plus prejudgment interest in the amount of $15,387.04. (Dkt. 45 at p. 1). In addition, it requests that Toups be ordered to pay a civil penalty, to be determined by the Court, up to the maximum amount

---

[1] Defendant Longwei consented to entry of Final Judgment. On July 3, 2019, Final Judgment was entered against Longwei. See (Dkt. 51).

allowed by law. (Id.). Lastly, it requests that Toups be permanently barred from serving as an officer or director of a public company. (Id.).

The Judgment sets out criteria under which disgorgement and civil penalties are to be assessed,

> In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

The issues of disgorgement and civil penalties are therefore to be decided based on the facts alleged in the complaint in light of Defendant Toups' stipulation that they are to be accepted as true.

**A. Disgorgement and Prejudgment Interest**

The remedy of disgorgement serves the dual purpose of "depriv[ing] the wrongdoer of his ill-gotten gain" and to deter others from violating the securities laws. *S.E.C. v. Blatt*, 583 F.2d 1325, 1335 (5th Cir. 1978).[2] "The SEC is entitled to disgorgement upon producing a reasonable approximation of a defendant's ill-gotten gains." *S.E.C. v. Calvo*, 378 F.3d 1211, 1217 (11th Cir. 2004).

The SEC limits its request for disgorgement to $265,000 (Dkt. 45). This includes a $240,000 severance payment Toups received when he resigned from Longwei, and a $25,000 travel advance he received nine days prior to resigning. (Dkt. 1 at ¶ 39; Ex. C; Dkt. 45-1, Dora Dao Dong Dep.; Dkt. 45-2; Dkt. 45-3 at p. 1). Because the allegations in the complaint are accepted as true, and because

---

[2] The Eleventh Circuit adopted as binding precedent all decisions the former Fifth Circuit made prior to October 1, 1981. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981).

the SEC has produced "a reasonable approximation of defendant's ill-gotten gains", a $265,0000 disgorgement is warranted. *See Calvo*, 378 F.3d at 1217.

The SEC also seeks prejudgment interest on the amount of disgorgement. (Dkt. 45 at p. 16). District courts have discretion to award prejudgment interest. *S.E.C. v. Carillo*, 325 F.3d 1268, 1272 (11th Cir. 2003); *see also S.E.C. v. Lauer*, 478 F. App'x 550, 557 (11th Cir. 2012) ("Along with disgorgement, the district court may also award prejudgment interest, and has wide discretion in making that calculation"). As provided in the Judgment against Toups (Dkt. 34), if disgorgement is entered, prejudgment interest is to be calculated "from June 27, 2016, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2)." (Id. at pp. 3-4). Using this rate, the SEC seeks prejudgment interest of $15,387.04 (Dkt. 45-5). The SEC's request for prejudgment interest is granted.

**B. Civil Penalties**

The SEC requests that a civil penalty be imposed against Toups for his role in violating various federal securities laws, pursuant to Section 20(d) of the Securities Act ,15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). (Dkt. 45 at p. 17). In this Circuit, "[c]ivil penalties are intended to punish the individual wrongdoer and to deter him and others from future securities violations." *S.E.C. v. Monterosso*, 756 F.3d 1326, 1338 (11th Cir. 2014) (citation omitted). Civil penalties are to be determined "in light of the facts and circumstances." *See* 15 U.S.C. § 77t(d)(2)(A); 15 U.S.C. § 78u(d)(3)(B)(i)-(iii). Civil penalties are divided into a three-tier structure in both the Securities Act and the Securities Exchange Act. *See id.* And the amount is capped by the greater of the specific statutory amount, or the gross amount of pecuniary gain to Toups. *Id.*

The penalty sought by the SEC falls with the third tier. (Dkt. 45 at p. 19). According to the SEC, "[a]s adjusted for inflation, the statutory penalties for violations by a natural person during the

4

period of Toups' fraudulent conduct" shall not exceed $150,000 (for conduct between March 4, 2009 - March 5, 2013) or $160,000 (for conduct between March 6, 2013 - November 2, 2015). (Id. at p. 17) (citing 17 C.F.R. § 201.1001, Table I). Specific to this case, "[b]ecause of the fraud at issue and the facts involved in this case, the Court could impose a third-tier penalty against Toups up to $265,000—Toups' gross amount of pecuniary gain—or up to the above-listed statutory maximums multiplied by the number of violation[s]." (Id.) (citing 15 U.S.C. §§ 77t(d)(2) and 78u(d)(3)(B)).

> The third tier applies if,
>
> (I) the violation . . . involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement; and
>
> (II) such violation directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons.

15 U.S.C. §§ 77t(d)(2)(c), 78u(d)(3)(B).

The SEC contends that third-tier penalties are appropriate "because Toups's conduct 'involved fraud, deceit, manipulation, or deliberate or reckless disregard for a regulatory requirement' and because it 'directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons.' " (Dkt. 45 at p. 19). Significantly, the consent judgment provides that Toups "will be precluded from arguing that he did not violate the federal securities laws as alleged in the complaint . . ." and that "the allegations of the Complaint shall be accepted as and deemed true by the Court . . .." (Dkt. 34 at p. 4).

Upon consideration, and accepting the allegations as true, the Complaint establishes that Toups, as a part of a scheme to defraud, (1) received an ill-gotten gain of $265,000 (Dkt. 1 at ¶ 39), (2) prepared false filings and press releases concerning Longwei's business (id. at ¶ 26), (3) participated in the fraudulent inducement of Longwei's warrant holders, which resulted in the misappropriation of more than $2.2 million in investor money (id. at ¶¶ 40-52), and (4) actively

5

participated in a scheme to drive up Longwei's stock price (id. at ¶¶ 53-56). These allegations support the imposition of a third tier penalty. Accordingly, I find that a civil penalty of $265,000 (the gross amount of pecuniary gain) is sufficient to punish Toups and deter him and others from future securities violations. *See Monterosso*, 756 F.3d at 1338.

### C. Officer and Director Bar

Last, the SEC seeks an injunction permanently barring Toups from acting as an officer or director pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2). (Dkt. 45 at p. 20). *See U.S. Sec. & Exch. Comm'n v. Hall*, 759 F. App'x 877, 884 (11th Cir. 2019) ("District courts are afforded substantial discretion in deciding whether to impose an injunction that bars an individual from serving as an officer or director."). According to Section 21(d)(2) of the Exchange Act, "the court may prohibit, conditionally or unconditionally, and permanently or for such period of time as it shall determine, any person who violated section 78j(b) . . . from acting as an officer or director of any issuer [of registered securities] . . . if the person's conduct demonstrates unfitness to serve as an officer or director . . . ." 15 U.S.C. § 78u(d)(2).

When determining whether to impose any bar and/or the length thereof, six factors may be considered: "(1) the egregiousness of the underlying securities law violation; (2) the defendant's repeat offender status; (3) the defendant's role or position when he engaged in the fraud; (4) the defendant's degree of scienter; (5) the defendant's economic stake in the violation; and (6) the likelihood that misconduct will recur." *See Hall*, 759 F. App'x at 884-85 (citation omitted).

The SEC argues that "Toups' actions in disseminating false information to investors," and his "misleading [of] Longwei's warrant holders and other stockholders" were egregious, repeated and perpetrated with scienter. (Dkt. 45 at pp. 21-22). And with respect to the Court's determination of whether to enjoin Toups from holding an officer or director position, the Judgment provides that

6

Toups "will be precluded from arguing that he did not violate the federal securities laws as alleged in the complaint . . ." and that "the allegations of the Complaint shall be accepted as and deemed true by the Court . . .." (Dkt. 34 at p. 4).

In applying this framework, I find that a twenty-five year bar on Toups acting as an officer or director for any registered issuer [of registered securities] is warranted. The allegations in the Complaint, and the factual summary in the SEC's motion (Dkt. 45 at pp. 21-22) support a finding that Toups: held a high position of power within Longwei, as its Chief Financial Officer (Dkt. 1 at ¶¶ 1, 5); benefitted economically, as evidenced by the $240,000 severance pay he received upon retirement, *supra*, (id. at ¶ 39); acted with scienter and in egregious fashion when he drafted false and misleading press releases and distributed the same to the public (id. at ¶¶ 24-30, 36-37); acted with scienter and in egregious fashion when providing false statements to warrant holders, enabling Longwei to obtain and misappropriate more than $2.2 million, a substantial amount, in investor money (id. at ¶¶ 45-56); and acted with scienter and in egregious fashion when he actively participated in a scheme to drive up Longwei's stock price (id. at ¶¶ 53-56).

As for Toups' repeat offender status and the likelihood he will re-offend, the SEC addresses this in a footnote to its motion. (Id. at p. 22). The SEC points out that Toups has another pending case in this district in which he is "accused of participating in a securities fraud based on of the formation and sale of [a] fake shell company in violation of various provisions of the Securities and Exchange Act." (See id. at p. 22, n.3) (referring to *S.E.C. v. Dreslin, et al.*, Case No: 18-cv-2934-TPB-TGW (M.D. Fla) (Dkt. 1). Notwithstanding, I find a permanent ban to be greater than necessary to achieve the purpose of Section 21(d)(2) of the Exchange Act.[3] Accordingly, Toups is barred from

---

[3] *See S.E.C. v. Huff*, 758 F. Supp. 2d 1288 (S.D. Fla. 2010), *aff'd*, 455 F. App'x 882 (11th Cir. 2012) (imposing a permanent officer-and-director bar where the defendant, among other things, had been involved in a scheme to defraud lasting more than two years, where he obtained more than $10 million through his wrongdoing,

serving as an officer or director for any registered issuer [of registered securities] for twenty-five years.

**UPON CONSIDERATION**, and being otherwise fully advised in the premises, the SEC's Motion is **GRANTED**. **IT IS ORDERED AND ADJUDGED** that the injunctive and other relief imposed in the Judgment (Dkt. 34) shall remain in full effect, that Defendant Michael P. Toups shall pay $265,000 in disgorgement and $15,387.04 in prejudgment interest, and pursuant to Section 20(d) of the Securities Act (15 U.S.C. § 77t(d)) and Section 21(d)(3) of the Exchange Act (15 U.S.C. § 78u(d)(3)), Defendant Michael P. Toups shall pay a penalty in the amount of $265,000.

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 20(e) of the Securities Act (15 U.S.C. § 77t(e)) and Section 21(d)(2) of the Exchange Act (15 U.S.C. § 78u(d)(2)), that Defendant Michael P. Toups is prohibited for a period of twenty-five years from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act (15 U.S.C. §78l) or that is required to file reports pursuant to Section 15(d) of the Exchange Act (15 U.S.C. 78o(d)).

**IT IS FURTHER ORDERED AND ADJUDGED** that jurisdiction is retained to implement and enforce this Final Judgment, the Judgment, and all Orders and Decrees that may be entered. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk shall enter this Final Judgment forthwith and without further notice, and close this case.

**DONE AND ORDERED** this 11th day of August, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record. Michael P. Toups

---

and where his actions resulted in losses of more than $60 million).