UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v().                                                                      Case No: 8:16-CV-1798-T-27AEP

MICHAEL P. TOUPS and LONGWEI
PETROLEUM INVESTMENT HOLDING
LIMITED,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendant Michael P. Toups' Motion and Memorandum of Law for Relief from Order and Judgment, Per Rule 60 and the SEC's opposition (Dkts. 57, 60). Upon consideration, Toups' motion is **DENIED**.

### Procedural Background

The SEC sued Toups for violating Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act, Rule 10b-5, and Section 13(a) of the Exchange Act, Rules 13a-1, 13a-13 and 12b-20, seeking injunctive relief, disgorgement, and civil penalties. (Dkt. 1). After extensive negotiations, the parties reached a bifurcated settlement. (Dkt. 32). Toups waived findings of fact and conclusions of law, consented to entry of a judgment enjoining him from violating federal securities laws, and agreed that the Court would determine, on the SEC's motion, whether disgorgement and civil penalties were appropriate, and the amounts. (Dkt. 32-1). Judgment was entered accordingly. (Dkt. 34).

On March 27, 2019, the SEC filed its Motion for Final Judgment as to Civil Remedies Against Defendant Michael P. Toups and served a copy on his counsel. (Dkt. 45). A response to the motion was due April 10, 2019. *See* Local Rule 3.01(b). SEC counsel certified that before filing the motion, he conferred with Toups' counsel twice, on January 29, 2019 and again on March 19, 2019, regarding the

1

motion and "Defendant's counsel indicated that [he] would relay the proposed relief that the SEC hereby seeks in order to determine if Toups would agree to such civil remedies." (Dkt. 45, p. 24).

On June 25, 2019, the SEC was directed to provide an updated conferral notice and the parties were directed to advise of the status of the settlement. (Dkt. 48). The SEC reported that it had, with the consent of Toups' counsel, contacted Toups by email on August 6, 2019 in an attempt to confer and provided him with a courtesy copy of the motion. Toups' counsel of record and his current counsel, who represented him in other litigation, were included as recipients of the email. (Dkt. 54, ¶ 7).[1] And on August 7 and 8, 2019, SEC counsel discussed the motion, relief sought, and a settlement framework with Toups' current counsel, who relayed the information to Toups. (Id., ¶¶ 8-10).

On August 11, 2019, the SEC's Motion for Final Judgment as to Civil Remedies Against Michael Toups was granted and final judgment entered. (Dkt. 55). The motion was deemed unopposed because Toups had not responded to it. (Id., p. 1). Almost a month later, on September 9, 2019, Toups filed the instant motion, seeking reconsideration and relief under Rule 60 (b) (1) and (6), Fed. R. Civ. P., contending that "[he] was not aware of the motion to impose penalties as his counsel of record, James Patterson, Esq. . . ., did not inform him of the motion or respond," and as a result, "he did not have an opportunity to respond." (Dkt. 57, p. 2).[2] He also contends that "[t]he imposed judgment is unwarranted and excessive . . . ." (Id. at p. 4).

### Reconsideration

Reconsideration is not warranted since Toups, who was represented by counsel, had the opportunity to respond to the SEC's motion but failed to do so. He offers no explanation for why he did not respond to the motion or at least seek an extension of time to respond after being notified of the motion by his attorney. Moreover, the purported defenses he raises could have been raised in a timely

---

[1] Toups avers that the email address used by the SEC was incorrect. (Dkt. 57-1). He acknowledges, however, that his current counsel forwarded the email to him.

[2] The record contradicts his contention that he was not aware of the SEC's motion. In an email exchange between the SEC and his counsel of record, James Patterson, Patterson confirmed that he had been providing Toups with various pleadings and orders, including the very motion Toups contends he was not aware of. (Dkt. 60-3).

2

response to the motion.

A motion for reconsideration cannot be used to "raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). This includes new arguments that were "previously available, but not pressed." *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009). Accordingly, reconsideration is not warranted.

### Rule 60(b)

Rule 60 provides six grounds for relief from judgment, two of which Toups invokes. According to the introductory paragraph of his motion, he seeks relief "pursuant to Rule 60(b)(1) and (6) of the Federal Rules of Civil Procedure." (Dkt. 57, p. 1).[3]

*1.   Rule 60(b)(1)*

Under Rule 60(b)(1), a party may be relieved from judgment due to "mistake, inadvertence, surprise, or excusable neglect." *See SEC v. Simmons*, 241 F. App'x 660, 662 (11th Cir. 2007). Essentially, Toups seeks relief because of counsel's excusable neglect. However, an attorney's negligent failure to respond to a motion does not constitute excusable neglect. *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986). And this Circuit "has demonstrated its wariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993).

Apart from his attorney's inaction, Toups makes no showing of mistake, inadvertence, surprise or excusable neglect. "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 (1993)). "At the very least, a party must demonstrate his own diligence, even where the attorney commits gross misconduct." *Simmons*, 241 F. App'x at 664; *Florida*

---

[3] Toups' motion is devoid of any further discussion of Rule 60 or its standards.

3

*Physician's Ins. Co. v. Ehlers*, 8 F.3d 780 (11th Cir. 1993).

Toups has not demonstrated that he was diligent. As noted, the SEC's motion was filed on March 27, 2019, more than four months before it was granted. (Dkt. 45). He knew that the issues of disgorgement and civil penalties would be resolved on motion of the SEC, as he consented to entry of the judgment which expressly provided that the issue of disgorgement and civil penalties would be determined "upon motion of the Commission." (Dkt. 32-1, ¶ 3; Dkt. 34, p.7) ("Upon motion of the Commission, the Court shall determined whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty . . . and if so, the amount(s) of the disgorgement and/or civil penalty."). And that is exactly what occurred. While he blames his attorney, he had a "duty to monitor the progress of his case." *Simmons*, 241 F. App'x at 664. Finally, he admits that he learned of the motion before it was granted. (Dkt. 57-1, Toups' Certification, ¶¶ 2-3); (Dkt. 57, pp. 3-4, 6). Notwithstanding, he offers no excuse for failing to respond to the motion or seeking an extension of time to respond. Accordingly, there was no "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1).

Moreover, the SEC correctly contends that Toups fails to satisfy his burden under Rule 60(b) to show a meritorious defense to the disgorgement and civil penalties. *See Simmons*, 241 F. App'x at 664 ("to show excusable neglect under 60(b)(1), [the defendant] also needed to demonstrate that he 'had a meritorious defense that might have affected the outcome.'"). While Toups contends that the penalties imposed are wholly inappropriate, he offers no factual support for his contention. He merely argues "if given the opportunity, [he] will provide evidence and arguments that he received no ill-gotten gains related to his salary, expenses, or severance." (Dkt. 57, p. 7).[4]

Toups' remaining contentions do not demonstrate a meritorious defense. He takes issue with the use of his $240,000 severance and $25,000 in travel expenses as a basis for disgorgement. However, the Order granting civil remedies against Toups, to which he consented, expressly provided that any

---

[4] Toups does contend, without supporting facts, that the time frame for which civil penalties were imposed "is substantially longer than any period that could have engaged in wrongful acts." (Dkt. 57, p. 7). The SEC correctly explains, however, that the range of dates in the Judgment awarding civil penalties "was only based on a consideration of Toups's violative conduct during his time in that capacity." (Dkt. 60, p. 8).

4

determination of civil penalties would be decided on facts Toups had stipulated to. *See* (Dkt. 55, p. 3) ("The issues of disgorgement and civil penalties are therefore to be decided based on the facts alleged in the complaint in light of Defendant Toups' stipulation that they are to be accepted as true."). In the Complaint, the SEC alleged that Toups "received a severance of $240,000, an amount equal to two years of his salary." (Dkt. 1, ¶ 39). And in any event, as the SEC correctly points out, the weight of authority holds that disgorgement liability may not be offset by business expenses. *See SEC v. Kahlon*, 873 F.3d 500, 509 (5th Cir. 2017).

2.   *Rule 60(b)(6)*

Rule 60(b)(6) authorizes relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). In this Circuit, however, an "attempt to make attorney negligence an extraordinary circumstance warranting relief under Rule 60(b)(6) is foreclosed by precedent." *Simmons*, 241 F. App'x at 663. Toups' reliance on counsel's failure to provide him with a copy of the SEC's motion and respond to the motion therefore cannot constitute an extraordinary circumstance under Rule 60(b)(6) relief.

## Conclusion

Toups has not shown mistake, inadvertence, surprise, or excusable neglect, and fails to demonstrate equitable reasons for setting aside the judgment. Nor has he demonstrated that he has a meritorious defense to the disgorgement and civil penalties. Accordingly, Defendant Michael P. Toups' Motion and Memorandum of Law for Relief from Order and Judgement, Per Rule 60 (Dkt. 57) is **DENIED**.

**DONE AND ORDERED** this 7th day of October, 2019.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record

5